UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JERRY JOINER, on his own behalf and on
behalf of those similarly situated,

    Plaintiff,

v.                                                  CASE NO: 8:09-cv-1943-T-26MAP

GROUPWARE INTERNATIONAL, INC.,

    Defendant.
_____/

# **O R D E R**

Before the Court is Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-in Plaintiffs and Conditional Certification of this Case as a Collective Action with affidavits and exhibits attached and a Proposed Class Notice (Dkt. 27), Defendant's Memorandum in Opposition (Dkt. 43), and Defendant's Memorandum in Opposition to Plaintiff's Proposed Class Notice. (Dkt. 53). After careful consideration of the parties' submissions, the Court grants conditional certification in the collective action case and directs amendment to the proposed class notice as set forth below.

## **PERTINENT FACTS**

Jerry Joiner, the named Plaintiff in this action brought pursuant to the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216(b), sues Defendant Groupware International, Inc. (Groupware) for overtime compensation together with liquidated

damages, fees, and costs. (Dkt. 1). The bare-boned, one-count complaint seeks recovery for cable installers/technicians who worked for Groupware "nationwide, at any time within the past three (3) years" based on Groupware's failure to pay for each hour worked in excess of forty per week. (Dkt. 1, paras. 5 & 14).

Plaintiff filed five affidavits of cable installers/technicians in support of the motion for conditional certification. (Dkt. 27, Exhs. A, B, C, D & E).[1] The affidavits disclose that the installers/technicians were compensated for overtime, albeit not for the entire amount of overtime worked over and above forty hours in a week. In essence, Plaintiff takes issue with the manner in which the overtime hours were calculated based on the "piece rate" computation employed by Groupware. Jerry Joiner, who worked as a field technician and a travel technician, avers that he was paid "piece rate" for each specific job. (Dkt. 27, Exh. A). Mr. Joiner complains that he was made to report to work an hour early to turn in paperwork, equipment, and payments from the prior workday. In addition to showing up early, installers were required to help other installers who were running late on specific jobs at the end of the day. Mr. Joiner complains that the thirty minutes added to each day by Groupware was insufficient to cover the overtime he worked.[2]

---

[1] Approximately 14 consents to join have been filed to date.

[2] Apparently, Groupware, at certain times throughout the past few years, added thirty minutes of compensation to the working day to account for the early and late work performed before and after regular working hours. The extra minutes were added as the result of a prior audit by the Department of Labor.

Mr. Jives, an opt-in Plaintiff, was also paid on a "piece rate" basis as a cable installer, or technician. (Dkt. 27, Exh. B). He confirms the uncompensated early arrival time and the after hours excursions to help other installers complete jobs. He also avers that a "chargeback" fee was subtracted from the installer's gross earnings if the customer complained about the work done. The remaining three opt-in Plaintiffs confirm that they were paid on a "piece rate" basis, they arrived early without pay, they provided uncompensated assistance on the last job of the day for other installers, and they suffered a "chargeback" fee if customers complained. (Dkt. 27, Exh. C— declaration of Dean Calabraro, a field superintendent/installer, Exh. D — Woody McTootle, an installer/technician, Exh. E— David Lighty, an installer/technician). All affiants assert that numerous other employees are or were in the same position.

**ANALYSIS**

Groupware challenges conditional certification, arguing that the collective class of plaintiffs are not "similarly situated." Conditional certification in the Eleventh Circuit is determined by using a two-tier approach. See Hipp v. Liberty Nat'l Life Ins. Co., 252 F.3d 1208, 1217-18 (11th Cir. 2001).[3] At the initial stage for class determination, this Court should apply a non-stringent, "fairly lenient" standard and look only to the pleadings and affidavits. Id. at 1218-19. The focus for certifying a class initially is

---

[3] The two-tiered approach has also been made applicable to collective actions under the FLSA. Caneron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1243 n. 2 (11th Cir. 2003).

whether notice of the action should be given to potential plaintiffs and this determination is necessarily made before discovery has begun. Id. at 1218. As long as the potential class members are "similarly situated" in a broad sense of that term with respect to their basic job position and method of pay, the court may, in its discretion, conditionally certify a class. 29 U.S.C. § 216(b); Dybach v. State of Fla. Dep't of Corr., 942 F.2d 1562 (11th Cir. 1991).

At this stage of the proceedings, the record shows that the opt-in plaintiffs held equivalent job positions as installers or technicians and performed the same type of work. The basis for compensation of the opt-in plaintiffs was or is calculated in the same manner, with all reporting to work before hours to perform work and all staying after working hours to assist with the jobs of other fellow installers or technicians. This scenario supports the "reasonable basis" for finding a class of similarly situated individuals in this case. See Grayson v. K-Mart Corp., 79 F.3d 1086, 1097 (11th Cir. 1996).

Based on the complaint and five affidavits submitted by the Plaintiff,[4] the following collective class should be certified at this time:

> **ALL CURRENT AND FORMER CABLE INSTALLERS (TECHNICIANS) EMPLOYED BY GROUPWARE INTERNATIONAL, INC., DURING THE PAST THREE (3) YEARS AND WHO RECEIVED A PRE-**

---

[4] The Court made this determination without relying on the FLSA Narrative found a docket 27, Exhibits F and G, which were the subject of a motion to strike. (Dkt. 42).

**DETERMINED AMOUNT OF PAY ACCORDING TO THE JOB PERFORMED, I.E., PAID A "PIECE RATE," AND DID NOT RECEIVE ADDITIONAL PAY FOR ALL OVERTIME HOURS WORKED IN EXCESS OF FORTY (40) WITHIN A WORK WEEK PURSUANT TO THE FAIR LABORS STANDARD ACT.**

In view of Groupware's well-taken challenges to Plaintiff's Notice and the case law, the Plaintiff is directed to amend the notice to include (1) a full disclosure of an unsuccessful result to potential opt-in plaintiffs, e.g., the plaintiffs may be responsible for the Defendant's costs, (2) a full disclosure of the possible consequences of opting in to the action, e.g., that the plaintiffs may be deposed, which may entail travel, and may be propounded discovery for which they must invest the time to answer, (3) a brief explanation of Defendant's bases for disputing liability or its denial of liability, (4) notice that the opt-in plaintiffs may select any lawyer to represent them and that the Plaintiff, Jerry Joiner, does not have the authority to act as their representative, and (5) the identity of defense counsel.[5]

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-in Plaintiffs and Conditional Certification (Dkt. 27) is **GRANTED**.

---

[5] This Court permits and prefers the submission of the consents to join directly to the Plaintiff's law firm, followed by the Plaintiff's counsel's filing of the consents in the court file. See, e.g., Moultry v. Cemex, Inc., Case no. 8:07-cv-453-T-26MSS (M.D. Fla. 2008).

(2) Plaintiff shall submit a revised proposed notification form in compliance with this order within ten (10) days. Defendant may file objections to that form within ten (10) days of the proposed notice being filed with the Court.

(3) Plaintiff shall simultaneously provide a courtesy copy of the proposed notice on a disc to chambers.

**DONE AND ORDERED** at Tampa, Florida, on May 27, 2010.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record